# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1320V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
RANDY BLAIR DAVIS,              *   Special Master Corcoran
                                *
                                *
           Petitioner,          *   Filed: August 25, 2017
                                *
     v.                         *   Decision; Attorney's Fees and Costs.
                                *
                                *
SECRETARY OF HEALTH AND         *
HUMAN SERVICES,                 *
                                *
           Respondent.          *
                                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.

*Claudia Barnes Gangi*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On October 11, 2016, Randy Blair Davis filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that he suffered from a post-vaccine syndrome with demyelinating features as a result of his October 28, 2014, influenza ("flu") vaccine.[2] Petitioner further alleges that his condition required hospitalization and persisted more than six months. The parties filed a stipulation for damages on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

July 27, 2017 (ECF No. 18), which I adopted as my decision awarding damages on July 28, 2017 (ECF No. 19).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated July 31, 2017. *See* ECF No. 23. Petitioner requests reimbursement of attorney's fees and costs in the total amount of $14,520.35 (representing $14,013.00 in attorney's fees, plus $507.35 in costs). *See* ECF No. 24-1 at 2. Respondent filed a document reacting to the fees request on August 15, 2017, indicating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 25 at 2-3.[3]

Here, Petitioner requests $350 per hour for Ms. Meyers for work performed in 2016-2017. ECF No. 24-1 at 2. Petitioner also requests rates of $145 per hour for work done by one paralegal. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The hourly rates for present counsel are also consistent with my prior determinations and the decisions of other special masters. *See Intini v. Sec'y of Health & Human Servs.*, No. 15-304V, 2016 WL 8136089 (Fed. Cl. Spec. Mstr. Dec. 21, 2016); *Smith v. Sec'y of Health & Human Servs.*, No. 16-1282V, 2017 WL 1247866 (Fed. Cl. Spec. Mstr. Mar. 9, 2017). The hours expended on this matter appear to be reasonable, and Respondent did not identify any entries as objectionable. The requested litigation costs also appear to be reasonable, and will be awarded.[4]

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$14,520.35** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Nancy Routh Meyers, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to

---

3 Petitioner's General Order No. 9 statement notes that he has not incurred any fees or costs related to the prosecution of this case. ECF No. 23-1 at 1.

4 Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Nancy Routh Meyers, Esq., who practices in Greensboro, North Carolina. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in counsel's area consistent with an Attorney Fee Survey schedule. The proposed rate amounts to near the in-forum rates set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Ms. Meyers is entitled to the forum rate under the test established by the Federal Circuit in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.